UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:15-cr-121-TWP-DML -01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| BRANT CHASZAR | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cr-00121-TWP-DML |
| ) | |
| BRANT CHASZAR, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Brant Chaszar's ("Mr. Chaszar") Motion for Compassionate Release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). (Dkt. 68.) Mr. Chaszar seeks immediate release from incarceration based on the "extraordinary and compelling reasons" presented by the COVID-19 pandemic. (Dkt. 74 at 1). For the reasons explained below, his motion is **denied**.

### I.  BACKGROUND

In 2017, Mr. Chaszar was sentenced to a total of 262 months of imprisonment and 6 years of supervised release after he pled guilty to one count of Possession with Intent to Distribute Heroin and one count of Possession a Firearm During and in Relation to a Drug Trafficking Crime, representing a 202-month sentence for the drug charge and the mandatory consecutive 60-month sentence for the firearm charge. (Dkts. 35, 52, 55.) At his change of plea and sentencing hearing, Mr. Chaszar admitted that in 2015, law enforcement executed a search warrant at his residence during which they located several fully loaded handgun magazines, numerous additional live rounds of .40 caliber ammunition, approximately 3.8 grams of suspected heroin, 3.4 grams of suspected marijuana, and approximately 8.5 grams of marijuana. (Dkt. 61 at 17-20.) He was home at the time and upon conducting a search of his person, officials found a loaded .40 caliber Ruger semiautomatic handgun,

15.2 grams of heroin and 4.5 grams suspected heroin and fentanyl mix. Mr. Chaszar admitted that he intended to sell the heroin; that all the drugs and guns at his residence were his; and that he always carries a gun with him when he sells drugs. *Id*.

Mr. Chaszar is currently 39 years old.  He is presently incarcerated at the Elkton Federal Correctional Institute in Lisbon, Ohio ("FCI Elkton").  As of March 29, 2021, the Bureau of Prisons ("BOP") reports that 1 inmate and 30 staff members at FCI Elkton have active cases of COVID-19; it also reports that 841 inmates at FCI Elkton have recovered from COVID-19, and 9 inmates at FCI Elkton have died from the virus.  https://www.bop.gov/coronavirus/ (last visited April 2, 2021).  The BOP has also actively begun vaccinating inmates against COVID-19.  *Id.*  As of April 2, 2021, 452 inmates and 187 staff members at FCI Elkton have received both doses of the COVID-19 vaccine. *Id.*

In June 2020, Mr. Chaszar filed a *pro se* Motion for Compassionate Release. (Dkt. 68.) The Court appointed counsel, (Dkt. 69), counsel filed a supporting memorandum, (Dkt. 74), and the Government responded, (Dkt. 81).  Mr. Chaszar did not file a reply.  Thus, his Motion is ripe for decision.

**II.     DISCUSSION**

Mr. Chaszar seeks reduction of his sentence to time served and immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i).  Although he has contracted and recovered from COVID-19 without experiencing any serious symptoms, he argues that he could experience severe symptoms if he is reinfected because he has medical conditions (including Type 2 Diabetes, diabetic neuropathy metabolic disorder, obesity, high blood pressure, gastroesophageal reflux disease, hyperlipidemia and chronic back and leg pain) that increase his risk of severe COVID-19 symptoms. (Dkt. 74 at 2.)  In response, the Government argues that Mr. Chaszar has not shown extraordinary and compelling reasons warranting a sentence reduction and that the § 3553(a) factors do not favor release.  (Dkt. 81.)

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the BOP could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>   (i) extraordinary and compelling reasons warrant such a reduction; or
>
>   (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant

---

[1] The Government does not argue that Mr. Chaszar has failed to exhaust his administrative remedies.

alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c) contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act

amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Chaszar does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Instead, he asks the Court to exercise its broad discretion to find that extraordinary and compelling reasons warrant immediate release in his case.[2]

The Court declines to find extraordinary and compelling reasons warranting a sentence reduction in this case. Although Mr. Chaszar purports to have conditions that increase his risk of experiencing severe symptoms from COVID-19, *see* https://www.cdc.gov/coronavirus/2019-

---

[2] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180-81, the Court would typically consider the rationale provided by the warden in denying Mr. Chaszar's administrative request for relief. However, neither party addresses whether Mr. Chaszar submitted an administrative request for relief and, if so, whether the warden responded. As a result, there is no opinion from the BOP to which the Court must give weight.

ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 29, 2021) (identifying **Type 2 Diabetes and obesity** as conditions that increase the risk of severe symptoms from COVID-19), he has already contracted and recovered from COVID-19 in July 2020 without experiencing severe symptoms. Thus, he has not shown extraordinary and compelling reasons warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, Dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, Dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested positive for COVID-19 but remained asymptomatic); *United States v. Young*, No. 3:15-cr-38-RLY-CMM-03, Dkt. 139 (denying motion to reconsider and finding no extraordinary and compelling reason warranting release where defendant claimed to be experiencing chest pains and difficulty breathing several months after his COVID-19 diagnosis because the symptoms were not severe or debilitating).

Mr. Chaszar's concern about reinfection does not change the result. The Court recognizes that FCI Elkton experienced a serious outbreak of COVID-19, and several inmates and staff members at the facility are still infected. Nonetheless, Mr. Chaszar's reliance on the possibility that he will be reinfected and suffer severe symptoms is speculative. *See* https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited Mar. 29, 2021) ("Cases of reinfection of COVID-19 have been reported but are rare."). To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has recovered from COVID-19—even when that defendant has risk factors for severe symptoms. *See*, *e.g.*, *Wyatt*, No. 3:17-cr-11-RLY-MPB-02, Dkt. 165 (S.D. Ind. Sept. 3, 2020); *United States v. Gevirtz*, No. 1:17-cr-

68-RLY-MJD-01, Dkt. 68 (S.D. Ind. Sept. 14, 2020); *United States v. Young*, No. 1:10-cr-3-SEB-DML-17, Dkt. 1540 (S.D. Ind. July 27, 2020). The fact that the BOP is now actively vaccinating inmates against COVID-19—including inmates at FCI Elkton—only underscores the speculative nature of any concern about reinfection.

Given the Court's determination that Mr. Chaszar has not shown extraordinary and compelling reasons to justify his release, whether Mr. Chaszar is a danger to the community and whether the 3553(a) factors weigh in favor of his release need not be discussed at length. However, the Court concludes that they weigh against release. Mr. Chaszar sold significant amounts of heroin. He admitted to law enforcement agents that he always carried a handgun while selling drugs. A search of his home uncovered several fully loaded handgun magazines, numerous additional live rounds of ammunition, approximately 3.8 grams of heroin, and almost 12 grams of marijuana. Mr. Chaszar has a lengthy history of felony convictions, including multiple felony drug convictions. He also has a concerning history of violence, including two convictions in which he beat a victim. And, while he has maintained relatively good conduct during his current incarceration, the Court notes that he was sanctioned just one year ago for using and possessing drugs and alcohol. Finally, Mr. Chaszar has served only about 30% of his sentence and is not set to be released for another 13 years. Under these circumstances, the Court cannot conclude that Mr. Chaszar would not be a danger to the community if released and cannot conclude that the 3553(a) factors favor release.

In light of these considerations, the Court cannot find that any risk Mr. Chaszar faces from COVID-19 warrants releasing him from incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a

motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence); *United States v. Swain*, No. 2:15-cr-19-JMS-CMM-06, Dkt. 781 (S.D. Ind. June 3, 2020) (denying defendant's compassionate release motion and finding that even if defendant had shown extraordinary and compelling reasons warranting compassionate release, defendant's criminal history rendered him a danger to the community).

### III. CONCLUSION

For the reasons stated above, Mr. Chaszar's Motion for Compassionate Release, (Dkt. [68]), is **DENIED**.

**SO ORDERED.**

Date: 4/2/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brant Chaszar
FEDERAL CORRECTIONAL INSTITUTION ELKTON
P.O. Box 10
Lisbon, Ohio  44432

Doneaka Rucker-Brooks
LAW OFFICE OF DONEAKA BROOKS
doneakabrooks@yahoo.com

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov